United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.L. BRAY, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 04-3769 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENTS PURSUANT TO RULE 706**<br><br>**(Docket Nos. 16 & 20)** |

　　　　Plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. The action was severed from an earlier action that plaintiff had filed jointly with another inmate. Following severance, plaintiff filed an amended complaint in which he repeated the allegations contained in the original complaint, with the exception of the allegations pertaining to the other inmate, which he deleted. The Court ordered defendants to file a dispositive motion or, in the alternative, to notify the Court that defendants were of the opinion the case could not be so resolved. Defendants E.M. Ochoa ("Ochoa"), M.L. Bray ("Bray"), M.E. Polk ("Polk"), W.R. Halbert ("Halbert"), D.T. Zanni ("Zanni"), G. Flowers ("Flowers"), and W. Anthony ("Anthony") have filed a motion to dismiss the instant complaint

1  for failure to exhaust administrative remedies;[1] plaintiff has filed an opposition, and defendants
2  have filed a reply.  Additionally, plaintiff has filed a "Motion for an Order to Show Cause
3  Under FRE 706."

## BACKGROUND

In his amended complaint, plaintiff alleges that on October 18, 2000, defendants Ochoa, Bray, Polk, Halbert, and other PBSP staff members used excessive force against him while extracting him from his cell.  Plaintiff also alleges the following five claims of retaliation: (1) in March 2001, defendant Zanni, after attending a hearing on a grievance filed by plaintiff, failed to return plaintiff's laundry, stopped giving plaintiff indigent envelopes, and "threatened" plaintiff's food; (2) in November 2000, defendants Anthony and Zanni confiscated a letter plaintiff wrote to a human rights foundation and distributed copies of it to other inmates; (3) in July 2001, defendant Halbert, after plaintiff named him in a state court lawsuit, searched plaintiff's cell and confiscated his legal documents, books and a dictionary; (4) on November 16, 2001, Halbert gave plaintiff smaller food portions; and (5) on November 30, 2001, defendant Flowers refused to help plaintiff carry his legal papers from the law library to his cell or to get him a push-cart, telling plaintiff that he should not file so many lawsuits.[2]  All of these alleged actions took place at PBSP.

## DISCUSSION

A.   Standard of Review

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look

---

[1] Three additional PBSP defendants, T.W. Aldrich, S.W. Leishman, and G. Tracy, were named in the original complaint, but not included in the amended complaint.

[2] Other claims set forth in the original complaint were dismissed.

beyond the pleadings and decide disputed issues of fact. See id. at 1119-20.[3]

B.  Analysis

The Prison Litigation Reform Act of 1995 ["PLRA"] amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and not merely directory. See Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All "available" remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" See id. Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. See id. at 988, 992; Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner action asserting both exhausted and unexhausted claims must be dismissed without prejudice. See Bey v. Johnson, 407 F.3d 801, 807 (6th Cir. 2005) (holding PLRA requires total exhaustion, with result that district court must dismiss in its entirety action containing exhausted and unexhausted claims); Ross v. County of Bernalillo, 365 F.3d 1181, 1188 (10th Cir. 2004) (same); Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (same); Givens v. city and County of San Francisco, No. 02-4764, 2002 WL 31478180 at *2 (N.D. Cal. 2002) (Jenkins, J.); Lira v. Director of Corrections, No. 00-0905, 2002 WL 1034043 at *3 (N.D. Cal. 2002) (Illston, J.); see also Terrell v. Brewer, 935 F.2d 1015, 1018-19 (9th Cir. 1990) (applying total exhaustion requirement to Bivens complaint).[4]

The State of California provides its prisoners and parolees the right to appeal

---

[3] If the Court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust, the Court must give the prisoner fair notice of his opportunity to develop a record. See Wyatt, 315 F.3d at 1120 n.14. In the instant case, plaintiff was given such notice in the Order of Service, and was provided thirty days to respond to defendants' motion.

[4] But see Ortiz v. McBride, 380 F.3d 649, 656-63 (2d Cir. 2004) (rejecting total exhaustion approach).

3

1  administratively "any departmental decision, action, condition or policy perceived by those
2  individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a).  In
3  order to exhaust available administrative remedies within such system, a prisoner must proceed
4  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC
5  602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)
6  third level appeal to the Director of the California Department of Corrections ("Director").
7  See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
8  3084.5).  A final decision from the Director's level of review satisfies the exhaustion
9  requirement under § 1997e(a).  See id. at 1237-38.

10  In the instant matter, defendants argue that the complaint should be dismissed because
11  the majority of the retaliation claims have not been exhausted.  In support of this argument,
12  defendants have filed a declaration by Harlan Watkins ("Watkins"), the Litigation Coordinator
13  at PBSP, who reviewed plaintiff's central file, which contains copies of any and all of his
14  administrative grievances.  Defendants also submit excerpts from plaintiff's deposition.

15  Watkins attests that he was unable to locate any grievances regarding plaintiff's claim
16  that defendant Zanni retaliated against him in March 2001 by withholding his laundry, failing to
17  provide indigent envelopes and threatening to tamper with his food.  (See Watkins Decl. at ¶ 4).
18  In his opposition, plaintiff admits that he failed to exhaust his administrative remedies
19  regarding this claim.  Watkins further attests that he found no grievances beyond the first
20  formal level of review with respect to plaintiff's claim that defendant Halbert retaliated against
21  him in July 2001 by searching his cell and confiscating his legal documents, books and a
22  dictionary.  (See id.).  In his opposition, plaintiff concedes that he did not exhaust his claim that
23  defendant Halbert retaliated against him by confiscating his legal documents.[5]

24  After conceding his complaint contains the above-referenced unexhausted claims,
25  plaintiff states he wishes to amend his complaint to delete them.  Insofar as the PLRA provides

---

[5] Plaintiff did exhaust his claim that defendant Halbert searched his cell and confiscated his books and dictionary, however: he raised this claim through the first formal level in inmate appeal log number S-01-02164, and then raised it to the second and third formal levels in inmate appeal log number S-01-01992.  (See Sutliffe Decl., Ex. E; Opp., Ex. A).

4

that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted," see 42 U.S.C. § 1997e(a), and includes no provision allowing an inmate to cure the failure to exhaust after suit has been filed, such deletion would not appear to cure the deficiency. Cf. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding action must be dismissed unless prisoner exhausts available administrative remedies before filing suit, even if prisoner fully exhausts while suit is pending; affirming dismissal of action). Rather, the proper remedy for failure to exhaust would appear to be dismissal of the action without prejudice to the plaintiff's filing a new action containing the exhausted claims. Cf. id.; Wyatt, 315 F.3d at 1120. In any event, deletion of the above-referenced retaliation claims would not resolve the matter, because at least one other unexhausted retaliation claim would remain.

In particular, Watkins attests he was unable to locate any administrative grievances containing plaintiff's claim that defendants Anthony and Zanni retaliated against plaintiff by distributing to other inmates copies of plaintiff's letter to a human rights organization. (See Watkins Decl. at ¶ 4). In his opposition, plaintiff points out that he included this claim in supplemental pages attached to inmate appeal log number S-01-01992, (see Opp., Exh. A at 25), and argues this documentation establishes the claim is exhausted.[6] A review of the cited appeal, however, reveals that the grievance form and attachment plaintiff submitted to the second formal level of review did not mention this claim at all. (See id. at 16-17).[7] Rather, the grievance concerned only plaintiff's claim of excessive force and Halbert's confiscation of his dictionary. (See id.). The first instance in which plaintiff complains that Anthony and Zanni circulated his letter appears in supplemental pages attached to section H of the grievance

---

[6] At his deposition, plaintiff's memory regarding whether he had exhausted such claim was unclear. He stated he "believed" he had filed a grievance regarding the claim, but did not "think" he pursued it to the third level of review. (See Sutliffe Decl., Ex. C at 108).

[7] The informal and first formal levels of review were bypassed pursuant to prison regulations.

1 form.[8] (See id. at 19-27). Section H is the section wherein the inmate sets forth his reasons
2 for dissatisfaction with the second formal level decision, and the matters described therein go
3 directly to the Director at the third formal level of review. As plaintiff's claim of retaliatory
4 circulation was raised for the first time in supplemental pages to section H, such claim was
5 only raised at the third formal level of review. As there is no indication that any of the earlier
6 levels, specifically, the informal, first formal, and second formal levels of review were not
7 "available" to plaintiff for purposes of pursuing this claim, plaintiff's failure to pursue his
8 claim at those levels demonstrates that plaintiff did not exhaust all of his "available
9 administrative remedies" as required by the PLRA. 42 U.S.C. § 1997e(a).

10 In sum, plaintiff did not exhaust all of his available administrative remedies with
11 respect to his retaliation claims against defendant Zanni for failing to return his laundry, failing
12 to provide him with indigent envelopes, and "threatening" his food; against defendants Anthony
13 and Zanni for distributing a copy of one of his letters; and against defendant Halbert for
14 confiscating his legal documents.[9] Consequently, plaintiff has not satisfied the exhaustion
15 requirement of the PLRA, and the action must be dismissed.

16 C.    Motion Pursuant to Rule 706

17 In his motion, plaintiff seeks appointment of "a court expert or a court master or court
18 assistant to take the depositions of all defendants," as well as appointment of a private
19 investigator. In light of the above findings, this action will be dismissed for failure to exhaust
20 administrative remedies. Consequently, plaintiff has no need to take depositions, or for a

---

[8] Plaintiff attached fifteen single-spaced supplemental pages to section H of the grievance for the third level of review. Mention of the alleged retaliatory circulation of his letter is made in a single brief paragraph on pages 12 to 13, and is one of myriad complaints and allegations of staff misconduct. Not surprisingly, in the decision rejecting the appeal, the Director did not specifically address the circulation of the letter.

[9] In light of this finding, the Court need not address defendant's additional argument that plaintiff failed to exhaust his claim that Halbert retaliated against him by giving him smaller portions of food. As plaintiff pursued that claim to the first formal level of review, where it was partially granted, the claim appears to have been exhausted under the Ninth Circuit's recent decision in Brown v. Valoff, No. 03-16502, slip op. 12343, 12348 (9th Cir. Sept. 6, 2005) (holding PLRA exhaustion requirement may be satisfied where inmate gains partial relief at intermediate level of review and does not proceed to higher level).

private investigator.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is GRANTED, and the above-titled action is DISMISSED without prejudice to refiling after all available administrative remedies have been exhausted; plaintiff's motion pursuant to Rule 706 of the Federal Rules of Evidence is DENIED.

This order terminates Docket Nos. 16 and 20.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: September 15, 2005

_____
MAXINE M. CHESNEY
United States District Judge